Oak Park Trust and Savings Bank et al., Defendants in Error, v. John A. Murphey, Jr. et al., Plaintiffs in Error.

### Gen. No. 18,181.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Modified opinion filed and rehearings denied December 8, 1913. Certiorari denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill of Oak Park Trust and Savings Bank, a corporation, Hiram Coombs individually and Hiram Coombs, as trustee, against John A. Murphey, Jr., Emily C. Murphey and H. Faulconer Jell to foreclose a deed of trust. From a decree of foreclosure and an order confirming a master's report of a sale made in pursuance thereto, defendants bring error.

JOHN A. MURPHEY, JR., RAE M. ROYCE and PETER J. HOWER, for plaintiffs in error.

HENRY R. BALDWIN and HENRY R. PEBBLES, for defendants in error; CHARLES L. BARTLETT, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 625*—*time when writ of error must be brought.* A decree foreclosing a mortgage and decreeing a sale is final and under R. S. 1911, c. 110, § 117, J. & A., ¶ 8654, a writ of error to review it cannot be brought after the expiration of three years from the date of its entry.

2. APPEAL AND ERROR, § 1198*—*what not reviewable by writ of error.* A writ of error to review a decree of foreclosure does not bring before the court for review a subsequent order denying a

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

motion by a defendant served by publication to file an answer to the original bill of foreclosure.

3. APPEAL AND ERROR, § 866*—*when abstract of record is insufficient.* An abstract of record which is merely an index does not comply with Rule 19 of the Appellate Court, first district, and is insufficient.

4. APPEAL AND ERROR, § 1712*—*when error is waived.* Errors assigned but not argued are waived.

5. MORTGAGES, § 575*—*time when decree may be vacated.* Under R. S. 1911, c. 22, § 19, J. & A., ¶ 899, the right of a defendant in foreclosure served by publication to question the propriety of the decree by filing a motion for leave to answer the original bill of foreclosure must be exercised within three years after the entry of the decree.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.